UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELISA FRANCO ) | CIVIL ACTION |
|     Plaintiff ) | COMPLAINT |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| A BETTER WAY WHOLESALE AUTOS, INC. ) | |
| and BCI FINANCIAL CORP. ) | |
|     Defendants ) | |
| ) | APRIL 2, 2014 |

## COMPLAINT

1.  This is a suit brought by a consumer regarding the purchase and sale of a motor vehicle ("the Vehicle") pursuant to a retail installment sales contract ("the Contract"). Plaintiff brings this action to recover actual damages, statutory damages, reasonable attorney's fees and costs from Defendants A Better Way Wholesale Autos, Inc. ("ABW") and BCI Financial Corporation ("BCI"). The Plaintiff claims that ABW has violated the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the Connecticut Retail Installment Sales Finance Act ("RISFA") Conn. Gen. Stat. § 36a-770 *et seq.,* and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"). Plaintiff also claims that ABW breached the implied warranty of merchantability. Plaintiff asserts claims against defendant BCI as holder of the Contract.

2.  Plaintiff, Elisa Franco ("Franco"), is a natural person residing in New Haven, Connecticut.

3.  Defendant ABW is a domestic corporation that operates an automobile dealership in Naugatuck, Connecticut.

4. Defendant BCI is a domestic corporation that accepts assignment of motor vehicle installment sales contracts.

5. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

6. This court has jurisdiction over ABW because it is incorporated in this state and regularly conducts business in this state.

7. This court has jurisdiction over BCI because it is incorporated in this state and regularly conducts business in this state.

8. Venue in this court is proper because Plaintiff resides in Connecticut and the claims involve a transaction that occurred in Connecticut.

9. ABW claims on its website and in other advertisements that it is the highest volume used-car dealership in Connecticut, with more than 500 vehicles in its inventory.

10. Most of the consumers who purchase motor vehicles from ABW do not have sufficient cash for their purchase, and ABW offers to provide financing for its vehicles.

11. ABW typically provides financing by entering into retail installment sales contracts directly with consumers and subsequently assigning those contracts to third party banks or finance companies.

12. ABW sells thousands of motor vehicles in this fashion every year.

13. ABW obtains most of its inventory at auction, and vehicles obtained from auction are brought to the dealership and included in ABW's inventory.

14. Although these vehicles are presented to the public for sale, ABW has a general business practice of not inspecting the vehicles until after a consumer has agreed to pay a deposit and a third party bank or finance company has agreed to accept assignment of a retail installment sales contract with the consumer.

15. Consequently, when consumers go to ABW to purchase a motor vehicle, the significant majority of vehicles on display have not been inspected, and ABW has made no determination whether the vehicles are safe and fit for use on public roadways or whether they are mechanically operational and sound.

16. ABW has a general business practice of asking consumers who wish to purchase a vehicle to complete a credit application.

17. ABW reviews the credit applications and consumer credit reports of prospective purchasers and requests that consumers make a deposit for the vehicle.

18. Prospective purchasers are not informed of the terms of credit that might be made available to them at the time that they are asked to pay a deposit.

19. On or around August 18, 2013, Plaintiff visited ABW to inquire about purchasing a motor vehicle.

20. Plaintiff was interested in purchasing a 2006 Jeep Grand Cherokee (the "Vehicle").

21. Although the Vehicle was in ABW's inventory and had been made available to the public for sale, the Vehicle had not been inspected by ABW, and ABW had not determined whether the Vehicle was safe and fit for use on public roadways or whether it was mechanically operational and sound.

22. Plaintiff completed a credit application and submitted it to ABW.

23. ABW then requested that Plaintiff make a deposit of $1,000, which she paid to ABW.

24. Plaintiff was told that she could return on the next day, August 19, to complete the purchase and take delivery of the Vehicle.

25. The Vehicle was not ready to be delivered on August 19, and Plaintiff was told to come back on August 21.

26. Plaintiff returned to ABW on August 21 and waited at the dealership for most of the day.

27. Towards the end of the day, when it became apparent that ABW would not be prepared to deliver the Vehicle, Plaintiff demanded that ABW return her deposit.

28. ABW refused this demand, informing Plaintiff that the deposit was non-refundable and would be forfeited if she did not proceed with the purchase.

29. Believing that she had no option except forfeiting her deposit, Plaintiff returned to ABW on August 23 and signed contract documents, including the Contract, for the Vehicle.

30. The Vehicle was not delivered to Plaintiff in merchantable condition, and she had many problems with the Vehicle that were resolved only after significant time and expense to her.

31. ABW violated TILA and RISFA in the transaction, because the Contract included a cost of $60 for vendor single interest insurance ("VSI") that was disclosed as part of the amount financed rather than as part of the finance charge, even though the disclosures in the Contract did not provide the information required for the exclusion of VSI from the finance charge.

5

32.     The violation is apparent on the face of the contract, and BCI is likewise liable for that claim as the assignee of the Contract.

33.     ABW violated the Connecticut Unfair Trade Practices Act by its practice of requiring a non-refundable deposit before performing an inspection and before informing Plaintiff of the terms of credit and by its refusal to refund the deposit after it was unable to deliver the Vehicle within the time promised.

34.     BCI, as the assignee of the Contract, is liable for the claims against ABW for having breached the implied warranty of merchantability and for its violations of CUTPA.

Wherefore, Plaintiff claims actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $2,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); actual and punitive damages pursuant to C.G.S. § 42-110g(a); attorney's fees pursuant to C.G.S. § 42-110g(d); an order from the Court ordering that BCI is prohibited from recovery of any finance, delinquency or collection charge from Plaintiff, and such other further relief to which Plaintiff is, at law, or in equity and by statute entitled to against ABW and/or BCI.

                PLAINTIFF ELISA FRANCO

By: /s/ Daniel S. Blinn
    Daniel S. Blinn, ct02188
    Hailey R. Gallant, ct29150
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax. (860) 571-7457
    dblinn@consumerlawgroup.com
    hgallant@consumerlawgroup.com