UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELISA FRANCO,  *Plaintiff*, | : <br> : <br> :    CIVIL ACTION NUMBER: <br> v.                           : <br> :    3:14-cv-00422 (VLB) <br> A BETTER WAY WHOLESALE AUTOS,    : <br> INC. and BCI FINANCIAL CORP.,             :    May 31, 2016 <br> *Defendants*.                            : |

## MEMORANDUM OF DECISION

Plaintiff Elisa Franco moves for costs and attorney's fees in connection with her successful action raising a claim under the Truth in Lending Act, 15 U.S.C. § 1601, *et. seq.* ("TILA"). Franco seeks $15,500 on the basis of the costs expended plus a $400 hourly rate (for her attorney), $150 hourly rate (for the attorney's paralegal), and $95 (for the attorney's legal assistant) multiplied by the number of hours expended. Defendants A Better Way Wholesale Autos., Inc. ("ABW") and BCI Financial Corp. ("BCI") oppose on the grounds that some of the hours expended concern withdrawn state-law claims and that the attorney's fees are disproportionate to the damages awarded. For the following reasons, the Court awards costs and attorney's fees in the amount of $15,358.43.

## Factual and Procedural Background

This action arises out of Franco's purchase of a used car from ABW and the assignment of the financing agreement to BCI. ECF No. 1 (Compl.). Franco's original complaint asserted a TILA claim as well as state-law claims for violation of the Connecticut Retail Installment Sales Finance Act, for violation of the

1

Connecticut Unfair Trade Practices Act, and for breach of the implied warranty of merchantability. *Id.* at ¶ 1. The Court granted summary judgment for Franco on the TILA claim (the only claim subject to a motion for summary judgment by either party). ECF No. 42. Franco then voluntarily withdrew her state-law claims by filing an amended complaint that omitted them. ECF No. 51 (Order). The Court entered judgment in Franco's favor. ECF No. 54.

Franco now moves for costs and attorney's fees in the amount of $15,500. ECF No. 50. She argues that her counsel's experience, reputation, and ability warrant an hourly fee of $400 (for her attorney), $150 hourly rate (for her attorney's paralegal), and $95[1] (for her attorney's legal assistant) and that these rates are commiserate with fees charged by other Connecticut firms on similar matters. ECF No. 50-2 at ¶¶ 5–6. She submits detailed billing records showing that the hourly rates multiplied by the time expended equals $14,529.50, that costs amounted to $933.43, and that total expenditure was thus $15,462.93. *Id.* at 4–19 (Ex. A). Defendants oppose on two grounds: the hours expended improperly include time spent on the withdrawn state-law claims, and the fees are disproportionate to the amount of damages awarded. ECF No. 59. Defendant seeks an evidentiary hearing to contest this calculation. *Id.* Franco replies that he omitted any time spent on the state-law claims, that proportionality is irrelevant, and that Defendants waived their objections by failing to identify a single charge as excessive. ECF No. 60.

---

[1] The declaration contains a typo: the rate charged for counsel's legal assistant was $95/hour, not $90/hour. *Compare* ECF No. 50-2 at ¶ 5, *with* ECF No. 50-2 (Ex. A) at 4–19.

## Legal Analysis

TILA permits a prevailing party to recover costs and attorney's fees. 15 U.S.C. § 1640(a)(3). The question of attorney's fees raises a question of federal law where, as here, the action is founded on federal-question jurisdiction. *In re Citigroup S'holder Derivative Litig.*, 2013 WL 4441511, at *3 n.4 (S.D.N.Y. Aug. 19, 2013), *aff'd sub nom. Moskal v. Pandit*, 576 F. App'x 33 (2d Cir. 2014). The Second Circuit applies the presumptively-reasonable-fee standard—that is, multiplying the hours reasonably expended by a reasonable hourly rate. *McDaniel v. County of Schenectady,* 595 F.3d 411, 417 n.2 (2d Cir. 2010). To do so, a district court "engage[s] in a four-step process: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." *Silver v. Law Offices Howard Lee Schiff, P.C.*, 2010 WL 5140851, at *1 (D. Conn. Dec. 16, 2010) (citations omitted)). A district court also considers the factors outlined in in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany*, 522 F.3d 184 (2d Cir. 2008). The prevailing party bears the burden of showing the presumptively reasonable fee. *See Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994). Once established, the opposing party bears the burden of justifying a reduction. *See U.S. Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989) ("We note that a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified.").

3

Upon review of the motion, memorandum, declaration, and attached documentation and applying the above standards, the Court finds that the hourly rates for the attorney and paralegal are reasonable, that no unnecessary work was performed by these individuals, that multiplying these figures amounts to $14,425.00, and that no reduction is warranted. The Court does not award damages for the work performed by the legal assistant because clerical services such as making telephone calls, proofreading, and preparing documents are not compensable. *See Kottwitz v. Colvin*, 114 F.Supp.3d 145, 148 (S.D.N.Y. 2015) ("This Court also agrees with Judge Netburn's conclusion that no attorney's fee award is appropriate for clerical tasks."). The Court also finds that costs in the amount of $933.43 are reasonable. The Court thus awards damages in the amount of $15,358.43.

Defendants' unsupported opposition offers no reason for this Court to second-guess Franco's supported request for costs and attorney's fees or this Court's independent analysis of that supported request. Defendants do not challenge the reasonableness of the hourly rates. This Court has already determined that a rate of $400 per hour for work performed by experienced counsel in relation to similar federal statutes is reasonable. *See Bundy v. NCE Fin. Srvs. Inc.*, 10-cv-1462 (awarding attorney's fees in FDCPA suit at $400/hour). In the absence of any objection, the Court follows its own precedent.

But Defendants challenge the amount of time expended, arguing that Franco's calculation includes time expended on withdrawn state-law claims. This specific objection is unfounded. Franco's counsel, in a sworn declaration,

averred that he "removed the charges for all work that was performed in connection with the claims" and "reduced the amount being sought for certain entries in which the time spent was greater than would otherwise have been the case because some of that work pertained to claims that are not being pursued at trial." ECF No. 50-2 at ¶¶ 9–10. This declaration is supported by the reductions on the billing schedule. *Id.* at 4–19 (Ex. A). Defendants' unfounded assertions to the contrary provide no basis for casting doubt on the sworn statements by a member of this Court's bar.

Defendants offer no specific challenges to the amount of time expended. The failure to make any specific challenges results in waiver. *See, e.g., Ceglia v. Zuckerberg*, 2013 WL 2535849, at *5 (W.D.N.Y. June 10, 2013) ("Plaintiff does not challenge a single entry in the Billing Schedule Defendants submit in support of these hours as excessive, redundant or unnecessary. In the absence of specific objections to the number of hours claimed, the district judge cannot be expected to review, evaluate and rule on every entry in an attorney's fee application."); *Turley v. New York City Police Dep't*, 1998 WL 760243, at *2 (S.D.N.Y. Oct. 30, 1998) ("Therefore, on the basis of the record that I can review and in the absence of a specific challenge by defendants' counsel, I recommend that defendants' argument that plaintiff's request for attorney's fees be reduced by twenty percent be rejected."). And the Court is under no obligation to hold an evidentiary hearing to permit Defendants to concoct one. *See Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984) ("We decline to consider petitioner's further argument that the hours charged by respondents' counsel were unreasonable. As noted above,

petitioner failed to submit to the District Court any evidence challenging the accuracy and reasonableness of the hours charged, . . . or the facts asserted in the affidavits submitted by respondents' counsel. It therefore waived its right to an evidentiary hearing in the District Court." (internal citation omitted)).

Defendants also argue that the attorney's fees are disproportionate to the damages awarded.  This objection lacks an arguable basis in law.  Attorney's fees in a TILA case need not be proportionate to the damages awarded. *See Negron v. Mallon Chevrolet, Inc.*, 2012 WL 4358634, at *4 (D. Conn. Sept. 24, 2012) ("Such an argument cannot be grounded in a lack of proportion between the amount of attorney's fees requested and the size of the award attained, as TILA, like many other consumer protection and civil rights statutes, 'was enacted in part to secure legal representation for plaintiffs whose . . . injury was too small, in terms of expected monetary recovery, to create an incentive for attorneys to take the case under conventional fee arrangements.'" (citing *Kassim v. Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).  Franco obtained the statutory maximum amount of damages on her TILA claim, and the attorney's fees reflect only the work performed on her entirely successful claim.

Two final observations.  Defendants cite—without justification—only cases applying the laws of Connecticut, Washington, and Michigan.[2]  But federal law applies here.  *See In re Citigroup S'holder Derivative Litig.*, 2013 WL 4441511, at

---

[2] The citation to *Steiger v. J.S. Builders, Inc.*, 39 Conn. App. 32, 38 (1995), happens to be relevant because the Second Circuit, as a matter of federal law, considers the *Johnson* factors relevant.  The problem, however, is that Defendants don't understand why that citation is relevant, believing that this Court should apply Connecticut law.

6

\*3 n.4.  The Court does not grant relief to represented parties when they fail to state a valid legal objection.  *Cf.* Local R. Civ. P. 7(a)1 ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion.").  Defendants' opposition also fails to conform to this Court's font-formatting standards and is not electronically searchable.  *See* ECF No. 4 (Chambers Practices).

## Conclusion

For the foregoing reasons, the Court awards costs and attorney's fees in the amount of $15,358.43.

IT IS SO ORDERED.

                                                                                   _____/s_____
                                                             Hon. Vanessa L. Bryant
                                                             United States District Judge

Order dated in Hartford, Connecticut on May 31, 2016.