UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| _____ | ) | |
| ELISA FRANCO | ) | CIVIL ACTION NO. |
|    Plaintiff | ) | 3:14-CV-00422-VLB |
| | ) | |
| v. | ) | |
| | ) | |
| A BETTER WAY WHOLESALE | ) | |
| AUTOS, INC. and BCI FINANCIAL | ) | |
| CORP. | ) | |
|    Defendants | ) | |
| _____ | ) | MAY 30, 2017 |

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUPPLEMENTAL ATTORNEY'S FEES

INTRODUCTION

The Plaintiff, Elisa Franco, submits the following in support of her motion for an award of supplemental attorney's fees against the Defendant, A Better Way Wholesale Autos, Inc. ("ABW"), following the Appeal to the Second Circuit Court of Appeals. Plaintiff seeks an award of $22,814.06 for the fees reasonably incurred in defending the appeal filed by ABW.

**PROCEDURAL HISTORY AND BACKGROUND**

Franco filed her Complaint against both defendants on April 2, 2014 alleging violations, *inter alia,* of the Truth in Lending Act ("TILA").  On April 14, 2015, Plaintiff filed a motion for partial summary judgment on the TILA claim.  On April 15, defendants also filed a motion for partial summary judgment on the TILA claim. On March 1, 2016, the Court granted Plaintiff's motion and denied defendant's motion. Plaintiff thereafter amended her complaint to remove the remaining claims, and on May 12, 2016 judgment entered in favor of Plaintiff on the TILA claim.  After judgment entered, Plaintiff moved for an award of attorney's fees, and on May 31, 2016, fees were granted in the amount of $15,358.43.

ABW appealed this Court's judgment to the United States Court of Appeals for the Second Circuit, and on May 18, 2017 the Court of Appeals entered its Summary Order affirming this Court's judgment. Franco now seeks a supplemental award of attorney's fees for the work necessarily performed in defending the judgment on appeal.

**ARGUMENT**

    A.    *Plaintiff Is Entitled to Supplemental Attorney's Fees*

TILA provides at 15 U.S.C. § 1640(a)(3) that a successful litigant is entitled to an award of a reasonable attorney's fee.  A consumer's attorney who prevails on a TILA claim is entitled to compensation not only for trial work but also for necessary post-judgment tasks, appellate work, and fees incurred in retaining the integrity of the fee portion of the award.  *Nigh v. Koons Buick Pontiac GMC*, 478 F.3d 183, 188-189 (4th Cir. 2007); *Jenkins v. Missouri*, 127 F.3d 709, (8th Cir. 1997) (§ 1988 case); *Friend v. Kolodzieczak,* 72 F.3d 1386 (9th Cir. 1995) (§ 1988 case); *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232 (1st Cir. 1990); *Martinez v. Idaho First Nat'l Bank*, 755 F.2d 1376 (9th Cir. 1985); *Varner v. Century Finance Co.*, 738 F.2d 1143 (11th Cir. 1984); *Dias v. Bank of Hawaii*, 732 F.2d 1401 (9th Cir. 1984); *In re Pine*, 705 F.2d 936, 939 (7th Cir. 1983); *Boncyk v. Cavanaugh Motors,* 673 F.2d 256, 262 (9th Cir. 1981); *Bustamante v. First Fed. Sav. & Loan Ass'n*, 619 F.2d 360, 365-366 (5th Cir. 1980); *Gallegos v. Stokes*, 593 F.2d 372 (10th Cir. 1979); *In re Dillin*, 557 F. Supp. 363, 365 (S.D. Ga. 1983); *Mt. Vernon Mem. Estates, Inc. v. Ward*, 88 Ill. App. 3d 666, 670

410 N.E.2d 995, 998 (1980).  Consequently, a defendant who takes an appeal does so at the risk of incurring all of the consumer's appellate attorney's fees.  See *Nigh*, 478 F.3d at 188-189.

Attorney fees are also awardable for time spent recovering fees through a fee application and related proceedings.  *Commissioner, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990); *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232 (1st Cir. 1990) (TILA); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986) (TILA). Time spent defending a fee award on appeal is also compensable.  *Gallegos v. Stokes*, 593 F.2d 372 (10th Cir. 1979); *S.E. Acceptance Corp. v. Gray (In re Gray)*, 2013 WL 5657438 (M.D. Ala. Oct. 15, 2013); *Citibank Fed. Sav. Bank v. Sandel*, 766 So. 2d 302 (Fla. Dist. Ct. App. 2000).

An award of the fees associated with preparing this fee motion is particularly appropriate in this case. Prior to commencing work on this fee motion, the undersigned suggested that the parties attempt to resolve the supplemental fee award on their own. This suggestion was

rebuffed when A Better Way's counsel responded to the email (which raised other issue as well) with no reference to the offer.[1]

B.   **Plaintiff Should Be Awarded $22,814.06 As Supplemental Fees**

Plaintiff has submitted the declarations of Daniel S. Blinn and Brian L. Bromberg, setting for the work performed in defending this judgment on appeal.  In *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117-118 (2d Cir. N.Y. 2007), the Second Circuit clarified the proper analysis for a district court to undertake in exercising its considerable discretion in awarding attorney's fees.  A court is to "bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to

---

[1] *See* Blinn Declaration, ¶ 14-15.

5

pay, the district court should consider, among others, the *Johnson*[2] factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the 'presumptively reasonable fee.'"

This Court has already held, in its Memorandum of Decision of May 31, 2016 (Doc. 62), that Attorney Blinn's hourly rate of $400 and the hourly rate of his paralegal, Lori Miner, of $150, are reasonable. Attorney Brian L. Bromberg performed most of the appellate work on this case. As explained in the Blinn Declaration, his office did not have the resources to handle the numerous appeals that A Better Way Wholesale Autos has raised in challenges to numerous court

---

[2] *Johnson v. Georgia Highway Exp., Inc.* 488 F.2d 714, 717-19 (5th Cir. 1974), overruled on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939 (1989).

judgments that have entered against it. Additionally, Attorney Blinn has limited appellate experience. It is common for consumer protection lawyers, most of whom practice in solo or small firm practices, to co-counsel on cases requiring additional resources. Attorneys Blinn and Bromberg collaborate frequently on cases in both Connecticut and New York, and they work together in the same fashion as partners within a larger firm.

The declarations of the undersigned and Attorney Brian L. Bromberg establish that the fair value of work performed in connection with Plaintiff's defense of the appeal filed by ABW is $22,525.

Additionally, Plaintiff seeks $289.06 for the cost of printing the brief, which is the amount in excess of the amount permitted to be submitted in the bill of costs. This amount was actually paid by Plaintiff's counsel and should be recoverable as a reasonably incurred expense.  The total sought for fees and expenses is therefore $22,814.06.

**CONCLUSION**

For the foregoing reasons, Plaintiff is entitled to a supplemental attorney's fee award from ABW in the amount of $22,814.06.

                 **PLAINTIFF, ELISA FRANCO**

                 By:  */s/ Daniel S. Blinn*
                     Daniel S. Blinn (ct02188)
                     Consumer Law Group, LLC
                     35 Cold Spring Rd. Suite 512
                     Rocky Hill, CT  06067
                     Tel (860) 571-040
                     Fax (860) 571-7457
                     dblinn@consumerlawgroup.com

**CERTIFICATION**

I hereby certify that on this 30TH day of May, 2017, a copy of the foregoing Memorandum of Law in Support of Motion for Supplemental Attorney's Fees was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                     */s/ Daniel S. Blinn*
                     Daniel S. Blinn